UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OMAR TRUJILLO RIVAS, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-25-4974 |
| § | |
| PAMELA JO BONDI, Attorney General of the § | |
| United States, *et al.*, § | |
| § | |
| Respondents. § | |

**MEMORANDUM AND ORDER**

The petitioner, Omar Trujillo Rivas, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the IAH Secure Adult Detention Facility in Livingston, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings under 8 U.S.C. § 1225(b)(2). (Docket Entry No. 1). For the reasons set forth below, the court grants Trujillo Rivas's petition and orders the respondents to release Trujillo Rivas, subject to the terms and conditions of bond set by the immigration judge.

**I.   Background**

Trujillo Rivas is a citizen and national of Mexico who entered the country without inspection or parole by an immigration officer. (Docket Entry No. 7-1 ¶ 6). He was arrested on July 9, 2025, in Conroe, Texas, by an ICE joint operation group. (*Id.*). That same day, ICE ERO officers issued Trujillo Rivas a notice to appear. (*Id.* ¶ 7). On July 11, 2025, Rivas was transferred to the IAH Secure Adult Detention Facility in Livingston, Texas; he received his notice to appear; and he was scheduled for a hearing with an immigration judge on July 29, 2025. (*Id.* ¶ 8). The immigration judge continued the hearing to August 19, 2025. (*Id.* ¶ 9). At the hearing, the

immigration judge granted Trujillo Rivas an order to be released from custody under bond of $5,000. (*Id.* ¶ 10). DHS reserved an appeal, due on September 18, 2025, and the immigration judge continued the hearing to that day. (*Id.* ¶ 11). On August 27, 2025, DHS filed a bond appeal with the Board of Immigration Appeals. (*Id.* ¶ 12). Trujillo Rivas appeared for the hearing on September 18, 2025, and the court set the merits hearing on his cancellation of removal application for November 7, 2025. (*Id.* ¶¶ 13–14).

On October 17, 2025, Trujillo Rivas filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings under 8 U.S.C. § 1225. (Docket Entry No. 1). On October 27, 2025, the respondents filed their response, asserting that—notwithstanding this court's and other courts' consistent rejection of their position in nearly identical cases—the petition should be dismissed. (Docket Entry No. 7).

## II.   Analysis

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months. *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. *Id.* While § 1226 allows an

immigration judge to provide a petitioner with rights such as a bond re-determination hearing, § 1225 does not. *Id.* In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the country and began applying § 1225 to these individuals. *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)). The result is that noncitizens who would have previously received a bond hearing are now mandatorily detained until their removal proceedings are complete, whenever that may be. In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

This new interpretation has been roundly rejected by almost every court to consider the issue, including this court. *See id.* at *3 (collecting cases). The respondents acknowledge this rejection, but insist that this judge "reconsider[]" her prior ruling in *Buenrostro-Mendez* and ignore the non-binding opinions of other judges who have come to similar conclusions.[2] (Docket Entry No. 7 at 3, 4 n.2). The respondents provide no persuasive reason, however, for this court to depart from its prior conclusion that § 1226 applies to noncitizens like Trujillo Rivas who are already present in this county. For the reasons the court already explained in *Buenrostro-Mendez*, the court concludes that § 1226, not § 1225, applies to Trujillo Rivas. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 (stating that the respondents had "failed to provide controlling authorities or persuasive reasons that would justify" reaching a different result from the dozens of courts to conclude that § 1226 is the proper statute to apply to noncitizens already present in the United

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[2] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*. (Case No. H-25-3726, Docket Entry No. 20).

3

States).³

In some similar cases, petitioners have not received a bond hearing by the time they filed their petitions. In those cases, petitioners usually ask that the court either issue a writ of habeas corpus directing the respondents to release them immediately or, alternatively, provide them with a bond hearing under 8 U.S.C. § 1226(a) within seven days. This court has concluded that ordering respondents to provide a bond hearing, rather than immediate release, is the proper outcome. *See Buenrostro-Mendez*, 2025 WL 2886346, at *4; *see also Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *10 (W.D. Tex. Oct. 21, 2025) (explaining that "the comfortable majority position—both historically and in recent weeks—is to instead require a bond hearing"). But in this case, Trujillo Rivas had a bond hearing, and an immigration judge set his bond at $5,000. There is no need to re-hold a bond hearing for Trujillo Rivas. The respondents are ordered to release Trujillo Rivas, subject to the terms and conditions of bond set by the immigration judge. *See, e.g.*, *M.S.L. v. Bostock*, No. 6:25-cv-01204, 2025 WL 2430267, at *15 (D. Or. Aug. 21, 2025) (ordering respondents "to immediately release Petitioner M.S.L. from custody, subject to the conditions of her preexisting Order of Supervised Release").

Because the court provides Trujillo Rivas with the relief he seeks based on its interpretation of § 1226(a), the court need not reach his additional challenges to his detention as violations of the Fifth Amendment and of various bond regulations. *See Hernandez Lopez v. Hardin*, No. 2:25-cv-

---

³ For this reason, the court has jurisdiction over Trujillo Rivas's petition. "The REAL ID Act does not preclude habeas review over challenges to detention that are independent of challenges to removal orders." *Ighagbon v. Manuel*, No. CIV.A. H-11-1763, 2011 WL 1806428, at *1 (S.D. Tex. May 11, 2011). Trujillo Rivas "is not asking this Court to block the commencement or adjudication of his case. Nor does he question the decision to try to execute his (future) removal order. [Trujillo Rivas] is merely asking the Attorney General to provide him with the procedures that Congress has mandated for aliens in his shoes," those subject to § 1226. *Hernandez Lopez*, 2025 WL 3022245, at *5. "Challenging how an alien is classified between §§ 1225 and 1226, like here, is best understood as independent of, and collateral to, the removal process because it may be resolved without affecting the Attorney General's prosecutorial discretion that" Congress meant to preserve. *Id.*

830, 2025 WL 3022245, at *5 (M.D. Fla. Oct. 29, 2025) (citing *Pizarro Reyes*, 2025 WL 2609425, at *8). If the respondents do not release Trujillo Rivas as ordered, he may renew his other claims. *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at *4 n.4.

### III.     Conclusion

For the reasons stated above, the court grants Trujillo Rivas's petition for a writ of habeas corpus. (Docket Entry No. 1). The respondents must release Trujillo Rivas, subject to the terms and conditions of bond set by the immigration judge.

SIGNED on November 3, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge